BARTOLI, PLAINTIFF AND APPELLEE, v. MARIANI, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Ponce in an Action for
Performance of Contract.

No. 1734.—Decided May 20, 1918.

CONTRACT—CONSTRUCTION.—For a fixed sum A agreed to sell to B the real
and personal pioperty which he had inherited from a certain person. The
money that might belong to A coming from the crop of a plantation, from
some promissory notes, from the rental of houses ''and from other sources
until the date on which the sale is effected'' was excluded. Among the
property clearly included in the sale was an interest of 25 per cent of the
value of the houses belonging to the estate. In order to satisfy the said
25 per cent two houses were transferred to A, but as their value was insuf-
ficient he was paid the sum of $823.47 in cash to make up the difference. In
executing the deed of sale the parties did not agree as to whether or not
the said sum belonged to B, whereupon B brought this action, in which it
was held that the sum of $823.47 belonged to B, since it was paid to A not
as his proportional share of the cash of the estate coming from the sources
named, but in order to complete his proportional share of the value of the
houses of the estate. The doubt raised by the use of the words ''and from
other sources'' was thus decided in favor of the greatest reciprocity of
interests. Sec. 1256 of the Civil Code..

The facts are stated in the opinion.

*Messrs. Parra* and *Pérez Marchand* for the appellant.

*Mr. A. F. Castro* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Alfonsa Bartoli, widow of Mariani, brought suit against
José María Mariani in the District Court of Ponce for the
sum of $823.47, which she claimed was due to her under a
contract entered into between the plaintiff and the defendant
on April 6, 1914, by which the latter promised to sell to the
former ''his share of the real and personal property in the
estate of José María Mariani Cupril for the sum of $16,500.''

The third clause of the contract reads as follows: ''Ma-
riani reserves the cash proceeds due from Tomás Olivari
Antoni for the crop of 1912–13 of the Santa Clara plantation,
which shall be delivered to him in due course, also his lawful
share of the promissory note signed by Antonio Anciani as

well as the amount which may proceed from the rents of houses and from other sources up to the date of the sale.''

Mariani Cupril died on July 26, 1907. At the time of the partition his estate consisted of cash proceeding from the crop of the Santa Clara plantation of 1912–13, rents of houses and the amount collected on a promissory note; of nine promissory notes made by Antonio Anciani; of chattels and live stock; of a joint interest of one-half of the Santa Clara plantation, and of four houses. There were four heirs, of which the defendant was one. In the partition the defendant was awarded 25 per cent of the value of the promissory notes; 25 per cent of the value of the chattels and live stock; 25 per cent of the half of the plantation, and $2,566.91 in cash, which with $368 collected on a debt constituted the 25 per cent of the cash of the estate. As to the houses, two valued at $1,488.60 were allotted to the defendant, but as this amount did not represent 25 per cent of the value of the four houses of the estate, he was awarded an additional $823.47 to complete his share.

In carrying the contract into effect the plaintiff and defendant could not reach an agreement regarding the $823.47 allowed the defendant in the manner stated, and in the deed of sale which they executed the rights which the widow Bartoli believed she had in the said amount were expressly reserved, and to assert such rights the widow Bartoli brought this action.

Having been summoned, the defendant demurred to the complaint on the ground that it did not allege facts sufficient to constitute a cause of action. The court overruled the demurrer and later, on motion of the defendant, rendered final judgment holding that the sum of $823.47 belonged to the plaintiff. The defendant then took the present appeal.

We have considered the reasonings of both parties and in our opinion the construction given to the contract by the

plaintiff and upheld by the district court in its judgment is proper and just.

In accordance with the contract entered into the plaintiff does not claim the money awarded to the defendant from the crop of the Santa Clara plantation and the rents of the houses, nor the amount which was also allotted to him as his share of the promissory notes of Anciani, but she does claim, in addition to the amount voluntarily delivered to her by the defendant, that she is entitled to the $823.47 which was awarded to the defendant in cash, not as his proportional share of the cash belonging to the estate proceeding from the said crops and rents, but in order to complete his share of the value of the houses belonging to the estate.

The use of the words "and from other sources" at the end of the third clause of the contract which we have quoted herein creates some confusion, but in such a case, according to section 1256 of the Civil Code, the contract being obscure and for a valuable consideration, the doubt should be decided in favor of the greatest reciprocity of interests, and in our opinion the greatest reciprocity of interests requires that that money, which was not awarded as part of the cash of the estate proceeding from the sources expressly mentioned by the contracting parties, but really as a substitute for real property, it being itself personal property of estimable value in connection with the whole amount involved in the transaction, should be included in the real and personal property agreed to be sold and eventually sold by the defendant to the plaintiff.

The appeal should be dismissed and the judgment

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.